UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | | |
|---|---|---|---|
| UNITED STATES OF AMERICA | : | | |
| | : | | |
| v. | : | Criminal Action No.: | 21-605 (RC) |
| | : | | 21-371 (RC) |
| | : | | |
| ISAAC WESTBURY, | : | Re Document No.: | 112 |
| AARON JAMES, | : | | |
| ROBERT WESTBURY, and | : | | |
| JONAH WESTBURY, | : | | |
| | : | | |
| | : | | |
| Defendants. | : | | |

**ORDER**

**DENYING DEFENDANTS' AARON JAMES'S AND ISAAC WESTBURY'S MOTION TO DISMISS COUNTS 2, 3, 5, AND 7**

Defendants Isaac Westbury and Aaron James ("Defendants") move to dismiss counts 2, 3, 5, and 7 of the Superseding Indictment, ECF No. 35. *See generally* Defs.' Mot. to Dismiss ("Defs.' Mot."), ECF No. 112. Defendants filed the instant motion on November 4, 2023. On January 10, 2024, the Government filed a Second Superseding Indictment. *See* Second Superseding Indictment ("SSI"), ECF No. 122. The counts that Defendants initially moved to dismiss are now substantively subsumed in the Second Superseding Indictment as Counts 3, 4, 6, and 8. Thus, the Court will hereinafter refer to the counts as they are charged in the Second Superseding Indictment.

Relevant here, Count 3 charges Defendants with violating 18 U.S.C. § 111(a)(1) and (b) by "*using a deadly and dangerous weapon, that is, a riot shield*, [to] forcibly assault, resist, oppose, impede, intimidate, and interfere with" a person assisting "an officer [or] employee of the United States, [or] of any branch of the United States Government . . . while such officer or

employee was engaged in or on account of the performance of official duties." SSI at 3 (emphasis added). Count 4 charges Defendants with "knowingly enter[ing] and remain[ing] in a restricted building . . . without lawful authority to do so, and, during and in relation to the offense, . . . *us[ing] and carry[ing] a deadly and dangerous weapon, that is, a riot shield*." *Id.* at 3 (emphasis added). Count 6 charges Defendants with violating 18 U.S.C. § 1752(a)(2) and (b)(1)(A) by "*us[ing] and carry[ing] a deadly and dangerous weapon, that is, a riot shield*" while "knowingly, and with intent to impede and disrupt the orderly conduct of Government business and official functions, engag[ing] in disorderly and disruptive conduct in and within such proximity to, a restricted building and grounds." *Id.* at 4 (emphasis added). And Count 8 charges Defendants with violating 18 U.S.C. § 1752(a)(4) and (b)(1)(A) by "*us[ing] and carry[ing] a deadly and dangerous weapon, that is, a riot shield*," while "knowingly engag[ing] in any act of physical violence against any person and property in a restricted building and grounds." *Id.* at 5 (emphasis added).

      Generally speaking, Defendants argue that these charges must be dismissed because a "riot" or "law enforcement shield" is not a "deadly and dangerous weapon," at least when used as a "defensive object" in accordance with "its intended use." Defs.' Mot. at 1. In evaluating Defendants' motion, the Court bears in mind that, "[w]hen considering a challenge to the indictment, 'a district court is limited to reviewing the face of the indictment'; the Court must 'presume the allegations [in the] indictment to be true.'" *United States v. Nordean*, 579 F. Supp. 3d 28, 40 (D.D.C. 2021) (quoting *United States v. Sunia*, 643 F. Supp. 2d 51, 60 (D.D.C. 2009)). "The operative question is whether [those] allegations, if proven, would be sufficient to permit a jury to find that the crimes charged were committed." *Id.* (quoting *United States v. Sanford, Ltd.*, 859 F. Supp. 2d 102, 107 (D.D.C. 2012)).

None of the charged statutes define the term "deadly or dangerous weapon." The D.C. Circuit has explained, however, that there are two ways in which a "weapon" may be deemed "deadly or dangerous." First, there are some weapons, such as guns, that are "inherently" deadly or dangerous. *See United States v. Arrington*, 309 F.3d 40, 45 (D.C. Cir. 2002). The government does not contend—nor could it—that a riot shield is inherently deadly or dangerous.

When an "an object . . . is not inherently deadly" or dangerous, it may still qualify as a deadly or dangerous weapon if it is "capable of causing serious bodily injury or death to another person *and* the defendant must use it in that manner." *Id.*; *see also United States v. McHugh*, No. 21-cr-453, 2023 WL 2384444, at *4 (D.D.C. Mar. 6, 2023) (collecting cases); *United States v. Klein*, 533 F. Supp. 3d 1, 10 (D.D.C. 2021). Defendants seemingly concede that a riot shield *could be* capable of causing serious bodily injury. *See* Defs.' Mot. at 3 ("A 'law enforcement shield'—even if used to contact or even if pressed against an opposing person or federal officer—cannot be a 'deadly and dangerous weapon' *unless it is used in an extremely unusual manner*." (emphasis added)); *id.* (acknowledging that a riot shield could be used to "strik[e] or bludgeon[]" another person); *id.* at 11 ("[A] 'law enforcement shield' cannot be a 'deadly and dangerous weapon' unless it is used in an extremely unusual, weaponlike, manner.").

Instead, Defendants argue that they did not use a riot shield in a manner that could have caused serious bodily injury or death. *See* Defs.' Mot. at 2–4. At this stage, that argument misses the mark. As mentioned above, in resolving a motion to dismiss, "a district court is limited to reviewing the face of the indictment" and "the Court must 'presume the allegations [in the] indictment to be true.'" *Nordean*, 579 F. Supp. 3d at 40 (quoting *Sunia*, 643 F. Supp. 2d at 60). Here, the face of the indictment reveals nothing about how the government intends to prove that Defendants used or carried riot shields in a manner capable of causing serious bodily injury.

3

Thus, dismissal at this stage is not warranted. *See, e.g.*, *United States v. Puma*, 596 F. Supp. 3d 90, 106 (D.D.C. 2022) (explaining that when an indictment "alleges obstructive acts that fall on the obviously unlawful side of the line" but does not "discuss [the] specific obstructive acts in further detail" dismissal is not warranted); *see also United States v. Andries*, No. 21-cr-93, 2022 WL 768684, at *8 (D.D.C. Mar. 14, 2022) ("[The court] may not replace the jury as the decider of factual disputes between the parties."). Accordingly, Defendants' motion to dismiss (ECF No. 112) is **DENIED**.

    **SO ORDERED**.

Dated: February 4, 2024                                                          RUDOLPH CONTRERAS
                                                                                    United States District Judge