UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA | : |
| | : |
| v. | : Case No. 1:21-CR-605-01 (RC) |
| | : |
| ISAAC WESTBURY, AARON JAMES, ROBERT WESTBURY, And JONAH WESTBURY, | : : : |
| Defendants. | : |

DEFENDANTS AARON JAMES AND ISAAC WESTBURY'S MOTION TO DISMISS SUPERSEDING INDICTMENT ON GROUNDS OF VINDICTIVENESS

COMES NOW defendants Aaron James and Isaac Westbury with this motion to dismiss the government's recent superseding indictment.

The government plainly had all information necessary to obtain its superseding indictment in this case for more than a year, and perhaps for a year and a half. Yet the government filed its superseding indictment only on January 10, 2024. This filing of a superseding indictment is self-evidently designed to punish defendants for rejecting the government's past plea offers and asserting constitutional rights.

The government first threatened to file its superseding indictment in this case on August 12, 2022, a year and a half ago. Later, almost a year ago, on March 20, 2023, the government sent an email to the defense threatening to file

1

superseding charges—and linking the threat to the Westbury's rejection of plea offers. The defense then filed an "emergency notice regarding the United States' Unconstitutional Threats to Retaliate against Defendants for Declining Plea Offer." (ECF# 85), April 2, 2023.

Now, almost a year later, on the eve of trial, the government has finally filed its superseding indictment, while opposing any movement of the trial date so that defense counsel can research or prepare or file any motions. Defendants submit that the government is not acting in good faith.

Significantly, the United States has offered no plea offer regarding the new superseding indictment.

This falls into the pattern of *Simms v. United States*, 41 A.3d 482 (D.C. 2012), where the prosecution is adding charges not in accordance with any newly discovered evidence, but plainly to punish defendants for exercising rights. When the "government's thoughts about its case have 'crystallized,… it must be . . . where the Government announces to the court that it is ready to begin trial and present its evidence to the fact-finder." The government has not offered the defense any plea offer regarding the new indictment. Plainly, the additional felony charge here was designed to punish the defendants and chill others, while depriving the defendants of a realistic ability to defend themselves; nothing more.

As a court in this circuit put it, this sequence of events is "dispositive because… 'the very reasons the Supreme Court [in Goodwin] determined that the application of a presumption of vindictiveness should be limited pretrial[ ] do not pertain' when the government 'signal[s] that it believes that the back-and-forth of pretrial litigation is over.'" United States v. Allgood, 610 F. Supp. 3d 239, 251 9 (D.D.C. 2022) (RDM) (distinguishing case from Simms, as the government never represented that it was ready to proceed to trial, and suggesting that if it had been, the outcome would be different).

**The timing of the government's new indictment brings a presumption of vindictiveness.**

The vindictive prosecution doctrine "'precludes action by a prosecutor that is designed to penalize a defendant for invoking any legally protected right available to a defendant during a criminal prosecution.'" United States v. Safavian, 649 F.3d 688, 692 (D.C. Cir. 2011) (quoting Maddox v. Elzie, 238 F.3d 437, 446 (D.C. Cir. 2001)). See United States v. Meadows, 867 F.3d 1305, 1311 (D.C. Cir. 2017) (same).

Prosecutorial vindictiveness is almost always concealed.  Cf. United States v. Meyer, 810 F.2d 1242, 1245 (D.C. Cir. 1987)). "Such a showing is normally 'exceedingly difficult to make.'" Maddox, 238 F.3d at 446 (quoting Meyer, 810 F.2d at 1245). See Meadows, 867 F.3d at 1312 (same). Specifically, a defendant "must show that "(1) the prosecutor harbored genuine animus toward the

defendant, or was prevailed upon to bring the charges by another with animus such that the prosecutor could be considered a 'stalking horse,' and (2) the defendant would not have been prosecuted except for the animus." United States v. Sanders, 211 F.3d 711, 717 (2d Cir. 2000) (cleaned up).

In this case, prosecutors routinely threatened to add charges to Aaron and Isaac in suggestive connection with the defendants refusing plea offers beginning a year and a half ago.  Then, a mere month before trial, prosecutors unleashed a superseding indictment, adding significantly to the chronology and scope of the charges.  And the prosecution opposes any time for the defense to prepare or research the new allegations.

A defendant can establish a rebuttable "presumption of vindictiveness" by pointing to a sequence of events that establishes "a realistic likelihood of 'vindictiveness'" that would be "applicable in all cases." Goodwin, 457 U.S. at 381, 384. See Blackledge v. Perry, 417 U.S. 21, 27 (1974). Such a "realistic likelihood" typically occurs only in a narrow set of circumstances, where a defendant exercises a right and the prosecutor responds by "upping the ante," i.e., increasing the severity of the charges the defendant is facing, in a manner that would be likely to deter other defendants from exercising a similar right under the circumstances. Blackledge, 417 U.S. at 27-28. See Goodwin, 457 U.S. at 384.

A court should consider "the timing of the prosecutor's actions" as well as the "nature of the right" that the defendant has exercised. Goodwin, 457 U.S. at 381-82. Thus, for example, "a change in the charging decision made after an initial trial is completed is much more likely to be improperly motivated than is a pretrial decision," since the latter necessarily occurs at a time when "the prosecutor's assessment of the proper extent of prosecution may not have crystallized." Id. at 381.

**The government's filing of a superseding indictment on the eve of trial, coupled with a refusal to offer any further plea offers, evidences a vindictive and punitive purpose behind the superseding indictment.**

The Court may take judicial notice of the fact that the District of the District of Columbia is an extremely advantageous and favorable venue for the government.  The jury pool in DC is more than 90 percent Democratic Party-affiliated and registered, and has produced a 100 percent jury conviction rate in Jan. 6 cases.  Bench trials of J6ers have similarly produced a conviction rate above 95 percent.  The District is filled with thousands of FBI agents and staff to assist the government in J6 cases.

**Sentences for January 6ers are the longest average sentences for participating in a political demonstration in American history.**  This extreme advantage for the government translates into an abusive environment for plea

5

negotiations.  Most J6ers are essentially forced to plead guilty; given that pleading innocent is tantamount to suicide.

And here, in the Westbury case, the government has obviously abused this advantage to punish Aaron James for asserting constitutional rights.

Dated: February 6, 2024 　　　　　　　　　　　　　　　　Respectfully Submitted,

*/s/ Roger I. Roots*
Roger I. Roots
21550 Oxnard Street
3rd Floor, PMB #172
Woodland Hills, CA 91367
Tel: (213) 400-0725
Email: rroots@johnpiercelaw.com

*/s/ John M. Pierce*
*John M. Pierce*
*21550 Oxnard Street*
*3rd Floor, PMB #172*
*Woodland Hills, CA 91367*
*Tel: (213) 400-0725*
*Email: Jpierce@johnpiercelaw.com*

**CERTIFICATE OF SERVICE**

I, Roger I. Roots, hereby certify that on this day, February 6, 2024, I caused a copy of the foregoing document to be served on all counsel through the Court's CM/ECF case filing system.

*/s/ Roger I. Roots*
Roger I. Roots