# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | |
| v. | : | Criminal Action No.: 21-605 (RC) |
| | : | 21-371 (RC) |
| | : | |
| ISAAC WESTBURY, | : | Re Document No.: 149 |
| AARON JAMES, | : | |
| ROBERT WESTBURY, and | : | |
| JONAH WESTBURY, | : | |
| | : | |
| Defendants. | : | |

## ORDER

### DENYING DEFENDANTS AARON JAMES'S AND ISAAC WESTBURY'S MOTION TO DISMISS SUPERSEDING INDICTMENT ON GROUNDS OF VINDICTIVENESS

On January 10, 2024, a federal grand jury returned a Second Superseding Indictment ("SSI") charging Defendants Aaron James and Isaac Westbury with multiple offenses arising from their alleged actions during the riot that occurred at the United States Capitol on January 6, 2021. *See* Second Superseding Indictment, ECF No. 122. An earlier indictment charged James and Westbury[1] with one count of civil disorder, *see* 18 U.S.C. § 231(a)(3); one count of assaulting, resisting, or impeding certain officers using a dangerous weapon, *see* 18 U.S.C. § 111(a)(1), (b); one count of entering and remaining in a restricted building or grounds with a deadly or dangerous weapon, *see* 18 U.S.C. § 1752(a)(1), (b)(1)(A); one count of disorderly and disruptive conduct in a restricted building or grounds with a deadly or dangerous weapon, *see* 18 U.S.C. § 1752(a)(2), (b)(1)(A); one count of engaging in physical violence in a restricted building or grounds with a deadly or dangerous weapon, *see* 18 U.S.C. § 1752(a)(4), (b)(1)(A);

---

[1] Unless otherwise noted, "Westbury" refers specifically to Isaac Westbury.

one count of disorderly conduct in a Capitol building, *see* 40 U.S.C. § 5104(e)(2)(D); one count of an act of physical violence in the Capitol grounds or buildings, *see* 40 U.S.C. § 5104(e)(2)(F); and one count of parading, demonstrating, or picketing in a Capitol building, *see* 40 U.S.C. § 5104(e)(2)(G). *See* Superseding Indictment at 2–5, ECF No. 35. The SSI is similar in almost all respects. The only material, relevant difference is that the SSI adds one additional charge of civil disorder, 18 U.S.C. § 231(a)(3), against James. *See* SSI at 2. Specifically, Count One of the SSI charges that:

> [B]etween approximately 2:42 p.m. to 2:44 p.m., within the District of Columbia, [James] committed and attempted to commit an act to obstruct, impede, and interfere with a law enforcement officer from the United States Capitol Police, lawfully engaged in the lawful performance of his/her official duties incident to and during the commission of a civil disorder which in any way and degree obstructed, delayed, and adversely affected commerce and the movement of any article and commodity in commerce and the conduct and performance of any federally protected function.

*Id.* The SSI does not charge Westbury with any additional offenses. *See id.* at 2–6.

James and Westbury move to dismiss the SSI. *See* Defs.' Mot. Dismiss Superseding Indictment Grounds Vindictiveness ("Defs.' Mot."), ECF No. 149. They argue that the SSI should be dismissed on the ground that it was filed for purposes of vindictiveness and retaliation. *See generally id.* The Government has opposed the motion. *See* Gov't's Opp'n Defs.' Mot. Dismiss Indictment Vindictive Prosecution, ("Gov't's Opp'n"), ECF No. 159. Defendants have not filed a reply, and the motion is now ripe for review.

"[P]rosecutors have broad discretion to enforce the law, and their decisions are presumed to be proper absent clear evidence to the contrary." *United States v. Slatten*, 865 F.3d 767, 799 (D.C. Cir. 2017). "[T]o succeed on a claim of vindictive prosecution, a defendant must establish that the increased charge was brought *solely* to penalize him and could not be justified as a proper exercise of prosecutorial discretion." *Id.* (cleaned up). A defendant may make this

2

showing in two different ways.  First, the defendant may present "objective evidence showing actual vindictiveness."  *Id.*  This is an "exceedingly difficult" showing to make, *United States v. Gary*, 291 F.3d 30, 34 (D.C. Cir. 2002) (citation omitted), as it requires the defendant to produce "direct evidence that the prosecutor added the charge solely in order to punish" him, *United States v. Baez*, No. 21-cr-507, 2024 WL 1156567, at *2 (D.D.C. Mar. 18, 2024).  Second, a defendant may present evidence "indicating a realistic likelihood of vindictiveness, which gives rise to a presumption that the government must then attempt to rebut."  *Slatten*, 865 F.3d at 799 (cleaned up).

      Defendants do not present any direct evidence of prosecutorial vindictiveness.  Instead, they ask the Court to presume a vindictive motive based primarily on the allegation that the Government "had all [the] information necessary" to obtain the SSI for "more than a year, and perhaps for a year and a half," yet waited to file the SSI until the "eve of trial."[2]  *See* Defs.' Mot. at 1–2.  In support, they argue that the Government "first threatened to file its [SSI] in this case on August 12, 2022," and then, on March 20, 2023, sent another threat to file an SSI.  *See id.* at 1–2; *see also* Defs.' Emergency Notice Regarding United States's Unconstitutional Threats Retaliate Against Defs. Declining Plea Offer, ECF No. 85.  Defendants see further evidence of the Government's vindictiveness in the fact that, after the Government filed the SSI on January 10, 2024, the Government did not offer them a new plea deal and instead opposed their motion to continue the trial.  *See* Defs.' Mot. at 2, 4–5.  Given all of this, Defendants conclude that the SSI "is self-evidently designed to punish [them] for rejecting the [G]overnment's past plea offers and asserting [their] constitutional rights."  *See id.* at 1.

---

[2] The Government filed the SSI on January 10, 2024.  At that time, trial was scheduled to begin on February 12, 2024.  *See* Pretrial Order at 1, ECF No. 99.  That trial date has since been vacated.  *See* Min. Order (Feb. 6, 2024); *see also* Min. Order (Feb. 16, 2024).

Contrary to Defendants' view, this sequence of events does not give rise to a presumption of prosecutorial vindictiveness. In pre-trial presumption cases, a defendant must show that "all of the circumstances, when taken together, support a realistic likelihood of vindictiveness." *Slatten*, 865 F.3d at 799 (quoting *United States v. Meyer*, 810 F.2d 1242, 1246 (D.C. Cir. 1987)). "[T]he mere fact that a defendant refuses to plead guilty and forces the government to prove its case is insufficient to warrant a presumption that subsequent changes in the charging decision are unjustified." *United States v. Goodwin*, 457 U.S. 368, 382–83 (1982); *see also Bordenkircher v. Hayes*, 434 U.S. 357, 363 (1978) ("[O]penly present[ing] the defendant with the unpleasant alternatives of forgoing trial or facing charges on which he was plainly subject to prosecution, d[oes] not violate the Due Process Clause of the Fourteenth Amendment.").

Here, Defendants rely largely on the timing of the SSI to suggest prosecutorial vindictiveness. That reliance is misplaced. For one thing, the Government asserts—and Defendants do not seem to contest—that James and Westbury declined the Government's offer to plead guilty in March 2023. *See* Gov't's Opp'n at 10, 12; *see also* Defs.' Mot. at 1–2 (referencing an email stating that the Government's plea offer would expire on March 20, 2023). Over nine months elapsed between Defendants' rejection of the plea offer and the Government's filing of the SSI. Although certainly not dispositive, this significant "gap in time makes it unlikely" that the addition of a second Section 231(a)(3) charge against James was brought to punish him for choosing not to plead guilty.[3] *See Baez*, 2024 WL 1156567, at *3 (finding that

---

[3] As the Government notes, in contrast to James, the Government "has not charged Isaac Westbury with *any* new offense since he rejected the plea offer." Gov't's Opp'n at 5, 10, 13. This fact significantly undermines Defendants' contention that the SSI was meant to punish Westbury for rejecting a plea deal. That fact also undermines the speculative theory that, of the four defendants in this case who all rejected plea offers, the Government would single out just James for punishment.

twenty-month gap between defendant's rejection of plea offer and government's filing of a superseding indictment suggested that government's decision to file new charges was not punitive).

The fact that the Government purportedly waited until the "eve of trial" to file the SSI does not alter the calculus,[4] *see* Defs.' Mot. at 2, 5, even when that fact is coupled with Defendants' allegation that the Government "had all [the] information necessary to obtain" the SSI for at least a year, *see id.* at 1. According to the Government, when it filed the first superseding indictment in January 2022, Count One charged James with civil disorder in violation of Section 231(a)(3) based on both his conduct in the Capitol Rotunda and his conduct in the Lower West Terrace entryway to the Capitol building ("the Tunnel"). *See* Gov't's Opp'n at 10–11. Over time, however, the Government reevaluated James's "conduct and . . . the governing law" and ultimately decided to charge him with two separate violations of Section 231(a)(3): one based on his conduct in the Rotunda and the other based on his conduct in the Tunnel. *See id.* at 11; *see also* SSI at 2. The Government's decision to charge James separately for these different acts constitutes an appropriate exercise of its discretion, and does not suggest an improper, vindictive motive. After all, it is well-established that, "[i]n a pre-trial setting, 'the prosecutor's assessment of the proper extent of prosecution may not have crystallized,' so an increase in charges may be the result of additional information *or further consideration of known information*, rather than a vindictive motive." *Slatten*, 865 F.3d at 799 (emphasis added) (quoting *Goodwin*, 457 U.S. at 381). All that being so, the Court concludes that neither the

---

[4] The Government filed the SSI thirty-three days before trial was set to begin. Whether this constitutes the "eve of trial" is questionable. *Cf. United States v. Ponder*, 738 F. App'x 114, 117 (3d Cir. 2018) ("48 days' notice can hardly be classified as 'on the eve of trial.'" (citation omitted)).

timing of the SSI nor the addition of a second Section 231(a)(3) count against James indicates a realistic likelihood of vindictiveness sufficient to trigger a presumption of a malicious motive. *See United States v. Todd*, No. 22-cr-166, 2024 WL 111775, at *2–4 (D.D.C. Jan. 10, 2024) (rejecting defendant's claim of vindictive prosecution where superseding indictment was filed two weeks before trial was to commence).

Accordingly, Defendants Aaron James's and Isaac Westbury's Motion to Dismiss Superseding Indictment on Grounds of Vindictiveness (ECF No. 149) is **DENIED**.

**SO ORDERED**.

Dated: May 7, 2024                                                                          RUDOLPH CONTRERAS
                                                                                             United States District Judge